UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISAIAH COOK,<br><br>         *Plaintiff*,<br><br>    v.<br><br>MICHEAL H. BELL,<br><br><br>         *Defendant*. | No. 26-cv-01188(MEF)(AME)<br><br><br>**OPINION and ORDER** |

\*       \*       \*

The Plaintiff[1] seeks to bring this action in forma pauperis, so he "must establish that he is unable to pay the costs of his suit." Walker v. People Exp. Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989).

The Plaintiff has done so.

He indicates that he does not work, see Application to Proceed in District Court Without Prepaying Fees or Costs (ECF 1-2) at 1-2, and relies exclusively on periodic disability payments to cover his monthly expenses. See id. at 2. In addition, the Plaintiff states that he has minimal savings, see id., no major assets, see id. at 3, and no stable place to live. See id. at 5.

The Plaintiff's application to proceed in forma pauperis is accordingly granted.

Given that conclusion, the governing statute requires the Court to screen the Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).

---

[1] Isaiah Cook.

Among other things, the statute requires a district court to "dismiss the case" if the complaint "fails to state a claim on which relief may be granted." Id. § 1915(e)(2)(B)(ii).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012).

The Plaintiff appears to allege that the Defendant submitted a false claim to the government when he sought "Medicare and/or Medicaid" reimbursements, engaged in "healthcare fraud," and "falsif[ied] medical records." Complaint for a Civil Case ("Complaint") (ECF 1) at 4. And the Plaintiff seeks damages for "improper care, ethics violations, misrepresentations, and negligence/fraud." Id. at 5.[2]

But this does not clear the plausible-claim bar that it needs to. See generally Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The complaint contains no sufficient factual allegations from which the court could "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (cleaned up).

Specifically, the complaint does not provide meaningful information as to any of the who-what-when-where-and-how questions that factual allegations must speak to. What claim was submitted to the government? What made it false? What did the medical records say? What care did the Plaintiff receive? What was wrong with it? When and where did any of this happen?

Instead, the Plaintiff has only come forward with "an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

That is not enough. See Devine v. Pa. Dep't of Corr., 2025 WL 3162335, at *3 (E.D. Pa. Nov. 12, 2025) (dismissing complaint that "provid[ed] no specific facts at all" under Section 1915(e)(2)(B)(ii)); Mickell v. Police Dep't of Scranton, 2017 WL 4532160, at *4–5 (M.D. Pa. Mar. 10, 2017), report and recommendation adopted, 2017 WL 4516748 (M.D. Pa. Oct. 10, 2017) (similar); Williams v. Marriott/Hilton-Davidson Hosp., 2026 WL 212676, at *1–2 (E.D. Pa. Jan. 27, 2026) (similar); Green v.

_____

[2]  The complaint invokes the False Claims Act, see 31 U.S.C. § 3729 et seq., and the federal question statute, see 28 U.S.C. § 1331, as the basis for jurisdiction. See Complaint at 3.

Scripps Corp. Headquarters/Scripps Ctr., 2022 WL 179616, at *2-3 (S.D. Ohio Jan. 20, 2022), report and recommendation adopted, 2022 WL 615042 (S.D. Ohio Mar. 2, 2022) (similar); Ibn-Duriya v. Curry, 2007 WL 1191715, at *2 (W.D. Ky. Apr. 18, 2007) (similar); Schmitz v. Schaffer, 2013 WL 627080, at *3-4 (D. Minn. Jan. 18, 2013), report and recommendation adopted, 2013 WL 627118 (D. Minn. Feb. 20, 2013) (similar).

The complaint is dismissed.

It is on this 13th day of February, 2026 **SO ORDERED.**

_____
Michael E. Farbiarz, U.S.D.J.

3